By the Court, Marvin, J.
A motion was made, after verdict, that the indictment be quashed for the insufficiency of the count in the indictment upon which the prisoner was convicted. It is charged in this count that Fallon, “Feb. 24, 1864, in,” &c., “four written promises for the *249 payment of money, commonly called bank bills and notes, of the nature and denomination of five dollars each; one written promise for the payment of money, commonly called a bank bill and note, of the value and denomination of ten dollars, from the person of Daniel Main, of the money, goods, chattels and personal property of Daniel Main, then and there being found, then and there feloniously did steal, take and carry away, against the peace,” &c.
It is objected that the charge is altogether too uncertain. The uncertainty is not specified, but the objection relates, I suppose, to the stealing from the person of Main. Let us analyse the language. The felonious stealing is clearly charged, and it is averred to be from the person of Main, and the charge contains the averment that the property was the property of Main. It is not averred that the property was stolen from the person of Main in the “ night time,” nor is it alleged, except inferentially, that the property was of a value exceeding twenty-five dollars. The count is therefore not good under the Revised Statutes (vol. 2, p. 679, § 65). But thé act of 1862 (ch. 374, § 2), declares that “ whenever any larceny shall be committed by stealing, taking and carrying away from the person of another, the offender may be punished as for grand larceny, although the value of the property taken shall be less than twenty-five dollars.” All that is required by this provision is that the larceny should be committed by stealing from the person of another. There is no limitation as to the time of the stealing, or as to the value of the things stolen. The count in the indictment clearly charged the larceny from the person of Main, and it was a good count under the statute of 1862.
The refusals to charge as requested were not error. It would have been error to charge that the fact that the $20 had been paid to Main for services, and received by him in payment, was no evidence that the bill was genuine, and *250 of the value of $10. The fact that it was paid out and received at $10 was some evidence of its value. Besides, the presumption was that it was a genuine bill, and of the value of $10, and the onus of showing the contrary was upon the prisoner. Again, other bills on banks in this State, about which the question was made, were stolen, and as I have shown that the crime was committed if property of any value was stolen from the person, it was immaterial whether the $10 bill was genuine and valuable or not. There is nothing in these exceptions.
The conviction must be affirmed.